## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ARREST

I, Shannon E. Brill, being duly sworn, hereby depose and state that:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been since March 2009. I have conducted numerous investigations regarding child exploitation/child abductions and violent crime violations, among other criminal investigations concerning violations of other federal laws. I have received extensive training in federal criminal investigations, including those involving the prostitution of minors and human trafficking. As part of my daily duties as an FBI agent, I investigate criminal violations relating to child exploitation including violations pertaining to child prostitution and enticement, in violation of Title 18, United States Code (U.S.C.), Sections (§§) 1591, 2422 and 2423.

2. The information contained in this Affidavit is based on my personal knowledge, the review of documents, and observations made by me during the course of this investigation, as well as, information conveyed to me by other individuals, including information obtained from other law enforcement agencies.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, this Affidavit does not set forth each and every fact learned by me or observed by me during the course of this investigation.

4. This Affidavit includes only the facts I believe are necessary to establish probable cause to believe ALVIN NORLEE MOORE III committed violations of 18 U.S.C. § 1591, Sex Trafficking of Children or By Force, Fraud, or Coercion.

### LEGAL AUTHORITY

5. 18 U.S.C. § 1591, in pertinent part, makes it a criminal offense to knowingly (1)in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or



maintains by any means a person; or (2) benefit, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

## BACKGROUND OF THE INVESTIGATION

A. Jane Doe

6. In December 2014, the Virginia Beach Police Department (VBPD) was contacted concerning prostitution activity occurring within the city involving a minor. VBPD identified Jane Doe, a 15 year old runaway, who was being prostituted by an as yet unidentified man.

7. VBPD interviewed Jane Doe, who stated she was introduced to the man, later identified as ALVIN NORLEE MOORE III, at a local motel in November 2014. When Jane Doe tried to leave the hotel room, the man did not allow her to and starting posting ads for Jane Doe's prostitution services on www.backpage.com, a website known to advertise prostitution services. MOORE made her go to appointments with customers for the purposes of prostitution. JANE DOE stated that for the week of December 8, 2014, she was staying at a hotel located at the ocean front in Virginia Beach, Virginia, and was being prostituted out by MOORE doing in-call (at the hotel) and out-call (going to the customer's location) appointments. All of JANE DOE's appointments were for a sexual act for money. JANE DOE stated that she would have roughly ten appointments a day, making approximately $1200.00 per day. JANE DOE stated that MOORE took all the money for JANE DOE's prostitution appointments.



8. JANE DOE stated that MOORE had physically assaulted her at least five times and made her have sex with him on one occasion. JANE DOE stated that MOORE would not allow JANE DOE to leave his sight for any reason at all. JANE DOE stated that she wanted to go home on several occasions, but MOORE would not let her go.

**B. Cooperating Witness #1 (CW-1)**

9. Another cooperating witness, hereinafter referred to as CW-1, stated that she was prostituting for MOORE and that MOORE was given all the money she made from prostitution appointments. CW-1 stated that she knew JANE DOE was prostituting for MOORE and that MOORE posted the prostitution advertisement ads for her. CW-1 stated that she was present for three to four of JANE DOE's out-call appointments.

**C. Cooperating Witness #2 (CW-2)**

10. Another cooperating witness, hereinafter referred to as CW-2, stated that she had been prostituting for MOORE since the age of 18 for close to a year, from approximately December 2012 to November 2013. CW-2 stated that she started prostituting for MOORE again in October 2014. CW-2 stated MOORE was given all the money she made from prostitution appointments. CW-2 stated that MOORE would hit and smack her and has choked her. CW-2 stated that when she would try to leave MOORE, he would threaten her and would choke her. CW-2 stated that she had heard a story of MOORE beating up JANE DOE.

**D. Interview with MOORE**

11. MOORE was interviewed and, after being advised of his *Miranda* rights, stated that he was in a relationship with CW-1 and had known CW-1 for three years. MOORE stated that he had met JANE DOE a month ago and had sex with her, but he did not prostitute her or

3



anyone else. MOORE stated that he knew JANE DOE and CW-1 were prostitutes, but he was not involved. MOORE stated that he never received any money from anyone for prostitution

12. Further investigation uncovered corroborating facts. For example, law enforcement found numerous hotel records concerning MOORE at hotels mentioned by Jane Doe and the witnesses as well as backpage.com advertisements for sexual services involving persons identified associated with the investigation.

13. Based on the foregoing facts, training, and experience, as well as your affiant's debriefings with cooperating witnesses, your affiant believes that there is sufficient probable cause to charge that from in or about November 2014 to December 14, 2014, ALVIN NORLEE MOORE III, in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means "Jane Doe," a minor who was under 18 years, knowing and in reckless disregard of the fact that "Jane Doe" had not attained the age of 18 years and knowing and in reckless disregard of the fact that "Jane Doe" would be caused to engage in a commercial sex act.

_____
Shannon Brill
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me, this 24th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
Norfolk, Virginia

4